FISHER v. RULE.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1916.)

No. 4525.

**1.** PUBLIC LANDS ☜103(1)—CONTEST—RIGHTS OF CONTESTANT.

Plaintiff, who was not a party to a contest by his father against the entry of defendant on public lands, can take no advantage of his father's contest upon claiming the land under a subsequent entry.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 298; Dec. Dig. ☜103(1).]

**2.** PUBLIC LANDS ☜102—ENTRY—RIGHTS OF ENTRYMEN.

Plaintiff's application to enter public land stated that by reason of his adoption of a minor child he was the head of a family, though plaintiff was not of age. Plaintiff's application was suspended for proof of adoption, and he was notified that, unless proof was made within a given time, it would be denied. Plaintiff failed to appeal from the order, and did not furnish the required proof. *Held* that, the land having been subsequently patented to another, plaintiff could not complain.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 294–297; Dec. Dig. ☜102.]

Appeal from the District Court of the United States for the District of Nebraska; Thos. C. Munger, Judge.

Suit by William Allen Fisher against Newton Rule. From a decree dismissing the bill, complainant appeals. Affirmed.

Allen G. Fisher, of Chadron, Neb., for appellant.

Edwin D. Crites, of Chadron, Neb. (F. A. Crites and Albert W. Crites, both of Chadron, Neb., on the brief), for appellee.

Before HOOK and SMITH, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. This is a suit by Fisher to have Rule declared a trustee for him of a tract of land in Nebraska and for the execution of the trust by an appropriate conveyance. On final hearing the trial court dismissed the bill of complaint, and Fisher, the plaintiff, appealed.

[1, 2] The defendant obtained a patent for the land from the United States in 1914 by completing as the heir of a deceased entryman a homestead entry initiated in 1904. The father of plaintiff contested the entry before the officials of the land office and the Secretary of the Interior, but finally failed. The details of this contest need not be set forth since plaintiff can gain nothing by it. He was not a party to it nor in privity in a legal sense with the contestant. He applied to enter the land as a homestead at a time when the Department had decided the contest against the defendant; but the decision was subsequently revoked, and the latter was awarded the final certificate, upon which a patent was issued. The plaintiff's application to enter the land with his supporting affidavit, stated that, though he was not of age, he was the head of a family by reason of his adoption of a minor child, of which he was the sole and only support. The application was

suspended for proof of the adoption, and plaintiff was notified that, if he failed to furnish the proof by a time fixed his case would be closed without further notice. He neither furnished the proof, nor appealed from the ruling.

It is manifest that plaintiff is in no position to question defendant's patent, with the validity of which the government is satisfied. Much less is he entitled to a decree that the title evidenced by it shall inure to him as though he had lawfully entered the land and performed the duties requisite under the homestead law. This being so, the real facts of the pretended adoption of a minor child are not important.

The decree is affirmed.